UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
TASHEEM GOLDSTON,

                            Plaintiff,                          9:02-CV-1004
                                                                             (TJM)(GHL)

    v.

ALBANY COUNTY SHERIFF DEPARTMENT; et al.,

                            Defendants.
_____

APPEARANCES:                               OF COUNSEL:

TASHEEM GOLDTSON
Plaintiff, *pro se*

ROCHE CORRIGAN LAW FIRM          ROBERT P. ROCHE, ESQ.
Counsel for the Defendants

THOMAS J. McAVOY, SENIOR JUDGE

## DECISION AND ORDER

      Plaintiff Tasheem Goldston commenced this civil rights action pursuant to 42 U.S.C. § 1983 in August, 2002. By Order filed August, 9, 2002, plaintiff's *in forma pauperis* application was granted, the U.S. Marshal Service was ordered to effect service of process on the named defendants and plaintiff was advised of his obligation to promptly advise the Court and the defendants of any change in his address. Dkt. No. 4. By Order filed December 9, 2004, plaintiff was again directed to keep the Court and the defendants informed of any change in his address and was specifically reminded that his failure to do so could result in the dismissal of this action. Dkt. No. 59 at 2. In response to that Order, plaintiff advised that he was incarcerated at Fishkill Correctional Facility. Dkt. No. 63.

      In March, 2005 defendants Gervaish and Lavantine filed a motion for summary judgment. Dkt. No. 66. Upon plaintiff's failure to file papers in opposition to the motion,

the Court afforded plaintiff an additional thirty days in which to respond. Dkt. No. 67. Plaintiff did not respond to the summary judgment motion.

By Report-Recommendation filed March 28, 2006, Magistrate Judge Lowe recommended that the summary judgment motion be granted and that Gervaish and Lavantine be dismissed as defendants in this action. Dkt. No. 68. That Report-Recommendation was served on plaintiff at his address of record in this action, but was returned to the Clerk marked as undeliverable to plaintiff at that address. Dkt. No 69. The envelope was marked "Released." *Id*.[1]

The Report-Recommendation was approved and adopted in its entirety by Decision and Order of this Court filed September 11, 2006. Dkt. No. 70. The Clerk served a copy of that Decision and Order on plaintiff at his last known address at Fishkill Correctional Facility. That mail was also returned to the Clerk marked as undeliverable to plaintiff. Dkt. No. 71.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.). In deciding whether to dismiss a case under Rule 41(b), a court should

---

[1] According to the public web site maintained by the New York Department of Correctional Services, plaintiff was released to parole on February 21, 2006. *See* www.nysdocslookup.docs.state.ny.us.

consider the following factors:

> (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate.

*Folk v. Rademacher*, No. 00-CV-199S, 2005 WL 2205816, *3 (W.D.N.Y. Sept. 9, 2005) (citations omitted).  No single factor is, by itself, dispositive.  *Id*.

Moreover, a litigant has the duty to inform the court of any address changes.  As then-District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, *1 (Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

Upon review, it appears that although more than seven months have elapsed since plaintiff was released from prison he has not advised the Court of his current address.  Moreover, plaintiff has not communicated with the Court about **any** aspect of this litigation since January, 2005.

This matter cannot proceed without notification to the Court by plaintiff of his

3

current address.  Plaintiff's prolonged failure to communicate with the Court regarding this matter and to pursue his claims, despite repeated warnings that dismissal was a possible sanction for his failure to prosecute this matter, also weigh in favor of dismissal.

Upon due consideration, the Court concludes that dismissal of this action is warranted under Rule 41(b) due to plaintiff's failure to prosecute this action and to inform the Court of his current address.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed, and it is further

ORDERED, that the Clerk of the Court enter judgment and close this case, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated:  September 25, 2006

Thomas J. McAvoy
Senior, U.S. District Judge